Filed 2/4/26  P. v. Mascio CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086042 |
| v. | (Super.Ct.No. RIF2205018) |
| JASON PATRICK MASCIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Brian Hill, Judge. (Retired judge of the Santa Barbara Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Debra A. Postil, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jason Patrick Mascio appeals the Riverside County Superior Court's order revoking his probation and entering a judgment against him pursuant to Penal Code sections 1203.2.[1]  We affirm.

## BACKGROUND

In December 2022, defendant pled guilty to (i) being a convicted felon and an addict in possession of a ghost gun in violation of section 29800, subdivision (a)(1) and (ii) having ammunition and reloaded ammunition in his custody and control in violation of section 30305, subdivision (a)(1).  He also admitted a prior strike.  In exchange, the trial court agreed to grant defendant's *Romero* motion[2] and to place defendant on probation upon defendant's successful completion of an inpatient drug program.  The court also advised defendant that, if the court ultimately had to sentence him, he would receive a minimum of 32 months in state prison, which would be doubled because of the strike prior.  The plea agreement also included a notation, "fallout:  32 months prison suspended" [capitalization omitted] and a waiver of any right to appeal defendant may have.

Defendant completed the program and in March 2023, the court struck the strike prior and placed defendant on probation for two years.

In October 2024, the People petitioned the trial court to violate defendant's probation pursuant to section 1203.2, subdivision (b) because he was using drugs and

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

because he had failed to comply with requirements of enrolling in a substance abuse program and reporting to the probation office.

The trial court revoked defendant's probation and released him on his own recognizance pending arraignment on the petition and a drug court evaluation. While the hearing was pending, defendant was charged with possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) on two separate occasions, once in October 2024 and again in April 2025.

Following an evidentiary hearing, the trial court found defendant violated his probation and sentenced him to a term of two years and eight months in state prison (that is, a 32-month sentence, consisting of the midterm of two years for the gun possession and eight months for the being a felon in possession of ammunition). The court dismissed the two possession charges. Defendant appealed.

## DISCUSSION

Defendant's appointed appellate counsel has filed a brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Relying on *Wende*, *supra*, at pages 440–442, counsel posits that we are required to review the record to determine if it reveals any issue that, if resolved favorably to defendant, would result in reversal or modification of the judgment. To assist this court's review of the record, counsel notes she considered whether the trial court "abuse[d] its discretion by imposing a middle prison term for a violation of probation."

3

Contrary to counsel's suggestion, an appeal from a postjudgment order revoking parole does not implicate the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441–442, such as requiring independent review of the record by Courts of Appeal if appointed counsel files a no-issues brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226–228 (*Delgadillo*).) Rather, appointed appellate counsel who are unable to find an arguable issue in a postjudgment appeal must file a brief informing the appellate court of that determination and include a concise recitation of the facts bearing on the court's orders. (*Id.*, at p. 231.) Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.*, at pp. 231–232.)

If the defendant files a brief or letter, the court is required to evaluate the arguments he or she raises and must issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) If the defendant does not respond to the court's notice, however, then the court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid.*) If it chooses to dismiss, it may do so with or without a written opinion. (*Ibid.*) In all cases, the court has discretion to conduct an independent review of the record. (*Ibid.*)

In this case, we notified defendant that his counsel had filed a brief stating no arguable issues could be found and that this court may, but is not required, to conduct an independent review of the record, citing *Delgadillo*, *supra*, 14 Cal.5th 216. The notice also invited defendant to file any arguments he deemed necessary and cautioned that

failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned.  Defendant did not file a brief.

Although we properly sent a *Delgadillo* notice to defendant, it is reasonably psossible that defendant may have been confused by, or even relied upon, the incorrect information provided by his counsel that *Wende* procedures apply to his case. Accordingly, we independently reviewed the record on appeal, and found no error.

## DISPOSITION

The order revoking defendant's parole is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.


We concur:

MILLER
                                J.
CODRINGTON
                                J.